IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 94-30701
Summary Calendar
_____

DEBRA JONES,                                        Plaintiff-Appellant,

and

JOHNNY JONES,                                              Plaintiff,

versus

PETCO; WEATHERFORD INTERNATIONAL, INC.,
Defendants,

and

WEATHERFORD U.S., INC., mistakenly referred to as Petco, a
subsidiary of/and Weatherford International, Inc.,
                                                   Defendant-
Appellee,

THE TRAVELERS INSURANCE COMPANY,                   Intervenor-
Appellant.

_____

Appeal from the United States District Court for the
Eastern District of Louisiana
(92 CV 4199)
_____

(     September 19, 1995     )

Before KING, SMITH, and BENAVIDES, Circuit Judges.

BENAVIDES, Circuit Judge[*]:

_____

     [*] Local Rule 47.5 provides:  "The publication of opinions
that have no precedential value and merely decide particular
cases on the basis of well-settled principles of law imposes
needless expense on the public and burdens on the legal
profession."

Plaintiff-Appellant Debra Jones ("Jones") appeals the district court's summary judgment grant in favor of Defendant-Appellee Weatherford U.S., Inc. ("Weatherford") on the basis that Weatherford was immune from tort liability as a statutory employer pursuant to § 23:1032 of the Louisiana Worker's Compensation Act.[1] We affirm.

I.

Jones, who was employed by verbal contract with Weatherford, cleaned Weatherford's Venice, Louisiana facility once every two weeks. Her duties included laundering, cleaning, sweeping, mopping and dusting the facility. Weatherford provided Jones with all the supplies she used at the facility. Between the days she worked at the facility, her duties were performed by other Weatherford employees.

Attached to the outside of the facility was a portable metal staircase leading from an exit door on the second floor of the facility to the first floor. Jones used the stairs to carry linens from the second floor to the first floor laundry room. During the third week of December 1991, Weatherford removed the staircase and failed to pad-lock the second floor exit door. Jones was not notified that the staircase was removed.

On December 19, 1991, Jones was performing her normal cleaning

---

Pursuant to that Rule, the Court has determined that this opinion should not be published.

[1] Intervenor-Appellant The Travelers Insurance Company adopts the argument presented by Jones in her brief on appeal to this Court.

duties at the facility.  After she changed the bed sheets on the second floor, she started for the laundry room by way of the outside staircase.  As she attempted to exit the facility from the second floor exit door, Jones fell from the doorway to the ground and injured herself.

On December 18, 1992, Jones and her husband filed a tort claim against Weatherford in district court for her injuries.[2] Weatherford moved for summary judgment on the ground that Jones was a statutory employee under the Louisiana Worker's Compensation Act. The motion was heard and granted in open court on August 31, 1994. The district court then entered judgment in favor of Weatherford on October 6, 1994.

## II.

We have previously held that the 1989 amendment to § 23:1061 of the Louisiana Worker's Compensation Act effectively overruled the Louisiana Supreme Court's decision in *Berry v. Holston Well Service, Inc.*[3], and legislatively reinstated the more expansive "integral relation" test established in *Thibodaux v. Sun Oil Co.*[4] *Kinsey v. Farmland Industries, Inc.*, 39 F.3d 603, 607 (5th Cir. 1994).  Under the "integral relation" test, "if a contractor was engaged in work that was an integral part of the trade, business, or occupation of the principal, then the principal was considered

---

[2] Travelers' intervenor's complaint was entered on January 19, 1994.

[3] 488 So.2d 934 (La. 1986).

[4] 49 So.2d 852 (La. 1950).

3

a statutory employer." *Id.* (citing *Thibodaux*, 49 So.2d at 854).

In this case, the "work" Jones contracted with Weatherford to perform was the cleaning or housekeeping of the Venice, Louisiana facility. Under the integral relation test, the work is determined to be an integral part of an employer's trade or business if it is essential or necessary to that business. *Salsbury v. Hood Industries, Inc.*, 982 F.2d 912, 917 (5th Cir. 1993) (citing *Arnold v. Shell Oil Co.*, 419 F.2d 43, 50 (5th Cir. 1969)). We have generally recognized the integral part general maintenance and cleaning work plays in the operation of a business. *See Darville v. Texaco, Inc.*, 674 F.2d 443, 445 (5th Cir.), *cert. denied*, 459 U.S. 969, 103 S.Ct. 298, 74 L.Ed.2d 280 (1982). Even applying the more restrictive *Berry* test, Louisiana courts have held that cleaning services are "unquestionably the type of 'routine,' 'customary,' 'regular,' and 'predictable' work" to fall within the scope of the Louisiana Worker's Compensation Act. *Solomon v. United Parcel Service, Inc.*, 539 So.2d 715, 717 (La. App. 3d Cir. 1989, *writ denied*). General cleaning and maintenance of a business facility, by their vary nature, allow for the smooth and continued operation of the principal's business. At Weatherford's Venice, Louisiana facility, some of the employees are required to remain at the facility twenty-four hours a day. Weatherford must provide these employees with sleeping quarters, as well as maintain the general cleanliness of the facility for Weatherford's customers. Thus, we believe that the cleaning performed by Jones constitutes an integral part of the trade, business, or occupation of

4

Weatherford because it is necessary to the operation of the Venice, Louisiana facility. Therefore, we find that the district court did not err in concluding that Weatherford was a statutory employer entitled to tort immunity under § 23:1032 of the Louisiana Worker's Compensation Act.

III.

For the reasons articulated above, the judgment of the district court is AFFIRMED.